IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBIN ALEXANDER WILLIAMS, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>ELEPHANT INSURANCE COMPANY and ELEPHANT INSURANCE SERVICES, LLC,<br><br>　　Defendants. | Case No.: 1:15-cv-00119-GBL-TCB |

**BRIEF IN SUPPORT OF DEFENDANT ELEPHANT INSURANCE SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(1)**

Stephen R. Freeland (VSB No. 72947)
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
Telephone:  (202) 342-8635
Facsimile:  (202) 342-8451
SFreeland@KelleyDrye.com

Robert I. Steiner[*]
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 808-7965
Facsimile:  (212) 808-7897
RSteiner@KelleyDrye.com

Lauri A. Mazzuchetti[*]
Edward J. Mullins III[*]
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Telephone:  (973) 503-5910
Facsimile:  (973) 503-5950
LMazzuchetti@KelleyDrye.com
EMullins@KelleyDrye.com

*Attorneys for Elephant Insurance Services, LLC*

---

[*] *Pro hac vice* application pending.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii
PRELIMINARY STATEMENT .................................................................................................. 1
STATEMENT OF FACTS ........................................................................................................... 2
ARGUMENT ................................................................................................................................. 3
I.    DEFENDANTS' OFFER OF JUDGMENT RENDERED PLAINTIFF'S INDIVIDUAL CLAIMS MOOT. .................................................................................. 4
II.    THE PUTATIVE CLASS CLAIMS FOR STATUTORY DAMAGES CANNOT RELATE BACK TO PLAINTIFF'S COMPLAINT. ....................................................... 6
    A.    Under the Reasoning of *Genesis*, Plaintiff's Class Allegations for Statutory Relief Pursuant to the TCPA Are Not "Inherently Transitory." ............ 7
    B.    In the Absence of Contrary Fourth Circuit Precedent, This Court Should Not Align Itself with Decisions At Odds with *Genesis*. ...................................... 9
CONCLUSION ........................................................................................................................... 14

# TABLE OF AUTHORITIES

                                                             **Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ..................................................................................................... 12

*Bradford v. HSBC Mortg. Corp.*,
   280 F.R.D. 257 (E.D. Va. 2012) ..................................................................................... 5

*Brunet v. City of Columbus*,
   1 F.3d 390 (6th Cir. 1993) ............................................................................................ 11

*Chatman v. GC Servs., LP*,
   302 F.R.D. 136 (D.S.C. 2014) ...................................................................................... 13

*Damasco v. Clearwire Corp.*,
   662 F.3d 891 (7th Cir. 2011) ................................................................................... 11, 12

*Franco v. Allied Interstate LLC*,
   No. 13 Civ. 4053 (KBF), 2014 U.S. Dist. LEXIS 47077, 2014 WL 1329168
   (S.D.N.Y. Apr. 2, 2014) ...................................................................................... 9, 10, 12

*Feustel v. CareerStaff Unlimited, Inc.*,
   No. 1:14-cv-264, 2015 U.S. Dist. LEXIS 37867 (S.D. Ohio Mar. 25, 2015) ................ 10

*Genesis Healthcare Corp. v. Symczyk*,
   133 S. Ct. 1523 (2013) ........................................................... 2, 4, 5, 6, 7, 8, 9, 10, 11, 13

*Hanover Grove Consumer Hous. Coop. v. Berkadia Commer. Mortg., LLC*,
   No. 13-13553, 2014 U.S. Dist. LEXIS 11918, 2014 WL 354674 (E.D. Mich.
   Jan. 31, 2014) .................................................................................................................. 9

*Kensington Physical Therapy, Inc. v. Jackson Therapy, LLC*,
   880 F. Supp. 2d 689 (D. Md. 2012) .............................................................................. 11

*Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*,
   974 F. Supp. 2d 856 (D. Md. 2013) .............................................................................. 13

*Klein v. Verizon Commc'ns., Inc.*,
   920 F. Supp. 2d 670 (E.D. Va. 2013) (Lee, J.) ............................................. 2, 4, 10, 11, 13

*Marek v. Chesny*,
   473 U.S. 1 (1985) .......................................................................................................... 12

*Masters v. Wells Fargo Bank S. Cent., N.A.*,
  No. A-12-CA-376-SS, 2013 U.S. Dist. LEXIS 101171, 2013 WL 3713492
  (W.D. Tex. July 11, 2013) ...................................................................................................9

*Mey v. N. Am. Bancard, LLC*,
  No. 14-CV-11331, 2014 U.S. Dist. LEXIS 165453 (E.D. Mich. Nov. 26,
  2014) ................................................................................................................................12

*Rhodes v. E.I. du Pont de Nemours & Co.*,
  636 F.3d 88 (4th Cir. 2011) .........................................................................................5, 12

*Sandoz v. Cingular Wireless LLC*,
  553 F.3d 913 (5th Cir. 2008) ............................................................................... 10, 11, 13

*Sebestyen v. Leikin, Ingber & Winters, P.C.*,
  No. 13-cv-15182, 2015 U.S. Dist. LEXIS 39101 (E.D. Mich. Mar. 27, 2015) .....................11

*Silva v. Tegrity Pers. Servs., Inc.*,
  986 F. Supp. 2d 826 (S.D. Tex. 2013) ..............................................................................10

*Simmons v. United Mortg. & Loan Inv., LLC*,
  634 F.3d 754 (4th Cir. 2011) .............................................................................................5

*Sosna v. Iowa*,
  419 U.S. 393 (1975) ......................................................................................... 8, 10, 11, 13

*Symczyk v. Genesis Healthcare Corp.*,
  656 F.3d 189 (3d Cir. 2011) .............................................................................................11

*U.S. Parole Comm'n v. Geraghty*,
  445 U.S. 388 (1980) ............................................................................................... 8, 10, 13

*Velasco v. Gov't of Indon.*,
  370 F.3d 392 (4th Cir. 2004) .............................................................................................4

*Vuyyuru v. Jadhav*,
  555 F.3d 337 (4th Cir. 2009) .............................................................................................3

*Wallace v. Optimum Outcomes, Inc.*,
  No. 5:13-cv-277, 2015 U.S. Dist. LEXIS 17588 (E.D.N.C. Feb. 12, 2015) ............................6

*Warren v. Sessoms & Rogers, P.A.*,
  676 F.3d 365 (4th Cir. 2012) .........................................................................................5, 12

*Weiss v. Regal Collections*,
  385 F.3d 337 (3d Cir. 2004) ...................................................................................... 10, 11

*Williams v. Ozmint*,
 716 F.3d 801 (4th Cir. 2013) ................................................................................. 5, 7, 8

*Zimmerman v. Bell*,
 800 F.2d 386 (4th Cir 1986) ...................................................................................... 1, 5

**Constitution**

U.S. Const. art. III, § 2 ................................................................................................ 4, 11, 12

**Statutes**

15 U.S.C. § 1692k(a)(2) ......................................................................................................... 9

47 U.S.C. § 227(b) .................................................................................................................. 5

47 U.S.C. § 227(b)(3) ............................................................................................................. 6

47 U.S.C. § 227(b)(3)(A)-(B) ................................................................................................. 6

Fair Debt Collection Practices Act, 15 U.S.C. § 1601 *et seq.* ........................................... 9, 11

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ........................................... 2, 7, 10, 13

Telephone Consumer Protection Act, 47 U.S.C. § 227 ............................. 1, 2, 5, 6, 7, 8, 9, 11, 13

**Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................................................. 1, 4, 14

Fed. R. Civ. P. 12(h)(3) ........................................................................................................... 4

Fed. R. Civ. P. 23 ................................................................................................................ 2, 9

Fed. R. Civ. P. 68 ............................................................................. 1, 2, 3, 5, 7, 9, 10, 12

L. Civ. R. 7(F) ........................................................................................................................ 3

Defendant Elephant Insurance Services, LLC ("EIS") respectfully submits this brief in support of its Motion to Dismiss Plaintiff's Original Class Action Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction due to mootness.

## PRELIMINARY STATEMENT

Since the filing of Plaintiff's Original Class Action Complaint (the "Complaint") (Doc. 1) on January 30, 2015, EIS and defendant Elephant Insurance Company ("EIC") (collectively, "Defendants") have provided plaintiff Robin Alexander Williams ("Plaintiff") with all of his requested relief via a Rule 68 Offer of Judgment (the "Offer of Judgment"). EIS has further tendered a check to Plaintiff for $20,000—an amount more than he could possibly recover in this litigation (the "Settlement Check"). While Plaintiff has chosen not to accept the Offer of Judgment or cash the Settlement Payment, the single cause of action that he asserts—that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by allegedly placing ten automated calls to his cellular telephone without his consent, (Compl. ¶¶ 2-3, 7, 61-66)—is now moot.

Besides injunctive relief, the maximum recovery available to a Plaintiff under the TCPA is $1,500 per violation—so in the case of ten alleged violations, the maximum potential recovery is $15,000. It does not matter that Plaintiff refused to accept the Offer of Judgment or that he did not cash the Settlement Check. The Fourth Circuit has long made clear that an unaccepted offer of judgment precludes a plaintiff from proceeding with her individual claims. *See, e.g.*, *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir 1986) ("[F]ederal courts do not sit simply to bestow vindication in a vacuum."). Consequently, the Complaint should be dismissed because the relief requested by Plaintiff is no longer available, and any further adjudication is beyond this Court's limited subject-matter jurisdiction.

That Plaintiff filed this action also on behalf of others, who he alleges are similarly situated, does not prevent dismissal. The United States Supreme Court held in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), that an offer to provide the named plaintiff with all she could hope to recover in the litigation moots her claims notwithstanding that she brought a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). *Id.* at 1529. In doing so, the Court rejected the notion that subsequent certification of a collective action could "relate back" to the filing of the original complaint. *Id.* at 1531. While the Fourth Circuit has not addressed the issue, other district courts have held that the rationale of *Genesis* applies to Rule 23 actions. Any decisions to the contrary, which rely on a supposed distinction between collective actions and class actions, are at odds with the rationale of *Genesis*. Moreover, this Court's pre-*Genesis* decision in *Klein v. Verizon Communications, Inc.*, 920 F. Supp. 2d 670 (E.D. Va. 2013) (Lee, J.), which refused to find a proposed class action mooted in the face of a Rule 68 offer, was without the benefit of the Supreme Court's decision, and indeed relied on decisions from other Circuits that have since been effectively overruled by *Genesis*.

### STATEMENT OF FACTS

Plaintiff alleges that he was called on his cellular telephone ten times by EIC, a Virginian corporation, and EIS, a Delaware limited liability company, using an automated telephone dialing system without obtaining Plaintiff's express written consent. (Compl. ¶¶ 4-6, 17.) Defendants dispute the allegations. Plaintiff seeks "statutory damages" under the TCPA for himself and a putative class of "tens of thousands" of cellular telephone customers allegedly called by Defendants in alleged violation of the TCPA since October 16, 2013, and injunctive relief. (*Id.* ¶¶ 42-45, 49, 63-66, Relief Requested ¶¶ b-d.)

On February 4, 2015, shortly after he filed his Complaint, Plaintiff filed a boilerplate and unsupported Motion for Class Certification (Doc. 2) without any accompanying brief and in

2

violation of this Court's Local Rules. *See* L. Civ. R. 7(F). Plaintiff admitted in his filing that his sole purpose in purporting to move for certification when he did was to try and avoid the possibility of a Rule 68 "pick off" offer. (*See* Pl.'s Mot. for Class Certification ¶ 5.) Recognizing its procedural deficiency, the Court ordered the certification motion deemed withdrawn on April 15, 2015. (Doc. 9.)

On April 14, 2015, counsel for Defendants jointly served the Offer of Judgment, pursuant to Rule 68, upon Plaintiff's counsel as follows:

> (1) that judgment be entered against EIS in favor of Plaintiff in the amount of Twenty Thousand Dollars ($20,000.00), inclusive of interest and attorney's fees; (2) that an injunction be entered prohibiting EIC and EIS from calling Plaintiff's cellular telephone, absent express written consent; and (3) that Plaintiff be awarded his costs of this action.

(Ex. A at 1 (Offer of Judgment).)[1] That same day, EIS also provided a check payable to Plaintiff for $20,000.00, "well in excess of all damages Plaintiff has sought in this action." (Letter from Robert I. Steiner, Esq. to Ray M. Shepard, Esq. (Apr. 14, 2015), Ex. B; *see id.* at 2 (Settlement Check).) Plaintiff did not accept Defendants' Offer of Judgment because "he is pursuing this case on behalf of the class and not to benefit himself alone. He is only interested in discussing a class settlement." (E-mail from Jarrett L. Ellzey, Esq. to Robert I. Steiner, Esq. (Apr. 25, 2015), Ex. C.)

### ARGUMENT

A plaintiff bears the burden of proving the existence of subject-matter jurisdiction in fact by a preponderance of the evidence. *Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).[2] To

---

[1] References herein to "Ex." refer to true and correct copies of the documents attached hereto as Exhibits.

[2] "Generally, when a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary

3

maintain his claims, Plaintiff must demonstrate that (1) the Offer of Judgment did not provide him with everything he could have obtained through litigation, or, if it did, that (2) the Court should nonetheless relate the class allegations back to the filing of the Complaint.  *See Klein*, 920 F. Supp. 2d at 677.  Plaintiff cannot establish either and thus dismissal is warranted under Rules 12(b)(1) and 12(h)(3).  Indeed, EIS offered to have judgment taken against it for all the relief Plaintiff could obtain and has gone even further by actually tendering a Settlement Check in an amount that exceeds what he could hope to recover on his individual claim.  He now has no personal stake in the outcome of this litigation.  Moreover, filing of a defective boilerplate motion for class certification cannot relate back to the filing of the Complaint so as to preclude its dismissal.

## I. DEFENDANTS' OFFER OF JUDGMENT RENDERED PLAINTIFF'S INDIVIDUAL CLAIMS MOOT.

"Article III, §2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies.'"  *Genesis*, 133 S. Ct. at 1528 (citation omitted).  To have standing, "a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action."  *Id.* (citations omitted) (internal quotation marks omitted).

> A corollary to this case-or-controversy requirement is that "an actual controversy must be extant at all stages of review, *not merely at the time the complaint is filed.*"  If *an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit,"* at any point during litigation, the action can no longer proceed and *must be dismissed as moot.*

---

judgment."  *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see Klein*, 920 F. Supp. 2d at 676 ("A 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings.")  Here, the Offer of Judgment and Settlement Check may be properly considered by the Court.

4

*Id.* (emphasis added) (citations omitted) (internal quotation marks omitted).

As the Fourth Circuit held, "a change in factual circumstances" since the complaint's filing "can moot a case; for example, 'when the claimant receives the relief . . . she sought to obtain through [her] claim,' her case becomes moot." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 370 (4th Cir. 2012) (alteration in original) (citations omitted); *see e.g.*, *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) ("[The plaintiff] already has received the restoration of his visitation privileges that he requested in his complaint."); *Rhodes v. E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 98-100 (4th Cir. 2011) (declining to review merits of denial of class action certification where appellants subsequently dismissed related claims and thus lacked standing to pursue appeal). In particular, "[w]hen a Rule 68 offer unequivocally offers a plaintiff all of the relief she sought to obtain, the offer renders the plaintiff's action moot." *Warren* , 676 F.3d at 371 (citations omitted) (internal quotation marks omitted). A Rule 68 offer, moreover, need not be accepted in the Fourth Circuit to moot a claim. *See, e.g.*, *Zimmerman*, 800 F.2d at 388, 390; *Bradford v. HSBC Mortg. Corp.*, 280 F.R.D. 257, 258, 263 (E.D. Va. 2012) (Ellis, J.); *see also Genesis*, 133 S. Ct. at 1529 n.4 (noting that Courts of Appeals hold "that a plaintiff's claim may be satisfied even without the plaintiff's consent"). A settlement offer for "full relief" may also moot a claim "because the doctrine of mootness is . . . not constrained by the formalities of Rule 68." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011).

In this case, the Complaint's lone cause of action is for statutory (in place of actual) damages and equitable relief pursuant to the TCPA, (Compl. ¶¶ 49, 60-66). Pursuant to the TCPA, "an action based on a violation of [§ 227(b)] or the regulations prescribed under this subsection to enjoin such violation," entitles the Plaintiff "to recover for actual monetary loss

5

from such a violation, or to receive $500 in damages for each such violation, *whichever is greater.*" 47 U.S.C. § 227(b)(3)(A)-(B) (emphasis added). In the case of a willful or knowing violation, "the court may . . . increase the amount of the award to an amount equal to *not more than 3 times the amount* available under [§ 227(b)(3)(B)]." 47 U.S.C. § 227(b)(3) (emphasis added).[3] Despite Plaintiff's demand for attorney's fees, (Compl. ¶¶ 67-68), the TCPA does not provide for them. *Wallace v. Optimum Outcomes, Inc.*, No. 5:13-cv-277, 2015 U.S. Dist. LEXIS 17588, at *15 (E.D.N.C. Feb. 12, 2015).

Plaintiff was offered more than full satisfaction of his statutory damages and equitable claims on April 14, 2015 via the Offer of Judgment and Settlement Check. These offers constitute intervening circumstances, which deprived Plaintiff of a personal stake in the outcome of the lawsuit moving forward, warranting dismissal. Indeed, the $20,000 offered provides Plaintiff with $5,000 more than the maximum $15,000 amount of statutory damages recoverable for ten alleged TCPA violations at $500 each trebled. Also, Defendants have agreed to be enjoined "from calling Plaintiff's cellular telephone, absent express written consent," and to pay for Plaintiff's costs of this suit. (Ex. A at 1.) If Plaintiff were to prevail in this litigation he would not get anything more—and indeed would get less.

## II.   THE PUTATIVE CLASS CLAIMS FOR STATUTORY DAMAGES CANNOT RELATE BACK TO PLAINTIFF'S COMPLAINT.

Plaintiff's Complaint must be dismissed despite the presence of class allegations for statutory damages because they cannot relate back to the filing of the Complaint. As held by the Fourth Circuit, exceptions to the mootness doctrine are limited:

---

[3] Even if the Court were to find a TCPA violation, Defendants deny that there would be any basis to find that violation willful, and the amount of the Offer of Judgment or the Settlement Check should not be construed as an admission otherwise.

6

> [The Supreme Court, Fourth Circuit, and other Courts of Appeal] recognize an exception to the mootness doctrine when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." However, courts also have cautioned that *this is a narrow exception*, which is limited to the "*exceptional situation*[]." Accordingly, a party seeking to invoke this exception to the mootness doctrine bears the burden of showing its application.

*Williams*, 716 F.3d at 809-10 (alteration in original) (emphasis added) (citations omitted). Plaintiff cannot meet the burden of proving that the complained of TCPA violations to the putative class are "capable of repetition yet evading review," *id.* at 808, or that the "narrow" relation-back exception to mootness is applicable to prevent dismissal.

### A. Under the Reasoning of *Genesis*, Plaintiff's Class Allegations for Statutory Relief Pursuant to the TCPA Are Not "Inherently Transitory."

The Supreme Court in *Genesis* held that "the mere presence of collective-action allegations in the complaint cannot save a suit from mootness once the individual claim is satisfied." 133 S. Ct. at 1529. In *Genesis*, the plaintiff brought a collective action under the FLSA. She rejected a subsequent Rule 68 offer of judgment. The district court concluded that her suit was moot despite its putative collective nature. *Id.* at 1527. The Third Circuit reversed and remanded to allow the plaintiff to seek "conditional certification," which, if successful, would relate back to the date of her complaint. *Id.* at 1527-28. The Supreme Court reversed, holding: "A straightforward application of well-settled mootness principles compels our answer. In the absence of any claimant's opting in, [the plaintiff's] suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." *Id.* at 1530.

7

As for the "putative plaintiffs" "foreclose[d]" from proceeding by the Offer of Judgment, they "remain free to vindicate their rights in their own suits. They are no less able to have their claims settled or adjudicated following respondent's suit than if her suit had never been filed at all." *Id* at 1531. Thus, the Court in *Genesis* rejected various policy and other arguments, which were based on this prior case law, to hold that the supposed impropriety of "picking off" the representative plaintiff has any vitality as a basis for refusing to dismiss a moot claim. *See id.* at 1531-32 (discussing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980); *Sosna v. Iowa*, 419 U.S. 393 (1975)).

Given the narrow parameters of the relation-back exception, Plaintiff's TCPA claims are not "fleeting" in nature or akin to the types of claims which the *Genesis* Court generally held avoid mootness such as "challenging the constitutionality of temporary pretrial detentions." *Id.* at 1531. There is no reasonable expectation, in light of the Offer of Judgment and agreement to be enjoined, that Plaintiff will receive a call to his cellular telephone from Defendants that violates the TCPA. Any putative class member, moreover, is free to bring a TCPA claim against Defendants, either individually or even as a putative class action. This is particularly true in the context of statutes without collective damages provisions such as the TCPA, whose purpose is fully achieved when a telemarketer fully compensates the aggrieved cellular customer and stops calling them, rather than remaining on the hook for ruinous liability to "tens of thousands" of unnamed, absent individuals with an ample incentive to adjudicate their own claims. Pursuant to *Genesis* and the Fourth Circuit in *Williams*, Plaintiff's TCPA claims are not the "exceptional situation" worthy of expanding this Court's subject-matter jurisdiction to sustain this putative class action.

8

> B. **In the Absence of Contrary Fourth Circuit Precedent, This Court Should Not Align Itself with Decisions At Odds with *Genesis*.**

District courts have relied on *Genesis* to hold that a complete settlement offer made before a Court rules on class certification moots the representative plaintiff's individual claim and prevents the putative class claims from moving forward. In *Masters v. Wells Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 U.S. Dist. LEXIS 101171, 2013 WL 3713492 (W.D. Tex. July 11, 2013), the Court applied the *Genesis* decision in the Rule 23 context to dismiss individual and putative class claims pursuant to the TCPA after the defendant made a full settlement offer. 2013 U.S. Dist. LEXIS 101171 at *13-*18. After all, and as the *Masters* court acknowledges, *Genesis* relied heavily on Rule 23 case law to reach its decision that the mere presence of collective-action allegations in the complaint does not somehow save otherwise moot claims from dismissal. *Id.* at *14-*16. Similarly, in *Hanover Grove Consumer Housing Cooperative v. Berkadia Commercial Mortgage, LLC*, No. 13-13553, 2014 U.S. Dist. LEXIS 11918, 2014 WL 354674 (E.D. Mich. Jan. 31, 2014), the Court held that consumer lending class claims were mooted prior to a certification motion by a Rule 68 offer of judgment that covered all of the plaintiff's individually requested relief. 2014 U.S. Dist. LEXIS 11918, at *14-*15.

Lastly, notwithstanding a pending class certification motion in *Franco v. Allied Interstate LLC*, No. 13 Civ. 4053 (KBF), 2014 U.S. Dist. LEXIS 47077, 2014 WL 1329168 (S.D.N.Y. Apr. 2, 2014), the Court held that the Rule 68 offer of judgment rendered the plaintiff's individual and putative class claims for statutory damages moot. *Id.* at *13. As with this TCPA action, the *Franco* plaintiff sued for actual damages as capped by the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 *et seq.* ("FDCPA"). *Id.* at *6; *see* 15 U.S.C. § 1692k(a)(2) (authorizing $1,000 per plaintiff). "[F]or substantially the same reasons as the Supreme Court stated in *Genesis* . . . , the 'relation back' doctrine and the 'picking off' concern are inapposite

9

here," *Franco*, 2014 U.S. Dist. LEXIS 47077, at *10-*11, because plaintiffs seeking capped statutory damages "are able to pursue those individual claims and thus vindicate their individual rights even if a class action proves untenable," *id.* at *12. By the same token, Plaintiff's admittedly premature Motion for Class Certification here—deemed withdrawn, but even if refiled—cannot undo mootness in the absence of a certified class after *Genesis*.

Prior to *Genesis*, and without Fourth Circuit precedent addressing the issue of whether a Rule 68 offer of judgment before a motion for or ruling upon class certification moots a plaintiff's possible class relief, this Court in *Klein*, 84 F. Supp. 2d at 677, applied the Fifth Circuit's decision in *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008), which held that "the appropriate course is to relate the certification motion back to the filing of the class complaint," *id.* at 921; *see Klein*, 84 F. Supp. 2d at 678 ("[The plaintiff]'s circumstance presents a situation very similar to that in *Sandoz*."). *Sandoz*, however, has since been abrogated by *Genesis*. *Feustel v. CareerStaff Unlimited, Inc.*, No. 1:14-cv-264, 2015 U.S. Dist. LEXIS 37867, at *15 (S.D. Ohio Mar. 25, 2015); *see Silva v. Tegrity Pers. Servs., Inc.*, 986 F. Supp. 2d 826, 834 (S.D. Tex. 2013) ("[W]hereas *Sandoz* offered a life raft in the form of the relation-back doctrine to plaintiffs whose personal FLSA claims were mooted by Rule 68 offers, [*Genesis*] effectively overruled that half of *Sandoz*."). Indeed, the Fifth Circuit relied upon decisions that were specifically rejected by the Supreme Court in *Genesis*, such as *Sosna* and *Geraghty*, in concluding that "the 'relation back' principle ensures that plaintiffs can reach the certification stage." *Sandoz*, 553 F.3d at 919. *Sandoz* also relied upon the Third Circuit's decision in *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), which shares the same superseded relation-back premise. 553 F.3d at 920-21; *see Weiss* 385 F.3d at 345-47 (relying on *Sosna* and *Geraghty*).

10

This Court, in turn, cited *Weiss* in support of its *Klein* holding, as well as the Third Circuit's now reversed decision in *Genesis*. 920 F. Supp. 2d at 678; *see Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 198-201 (3d Cir. 2011) (relying on *Sandoz* and *Weiss*), *rev'd*, 133 S. Ct. 1523 (2013); *see also Kensington Physical Therapy, Inc. v. Jackson Therapy, LLC*, 880 F. Supp. 2d 689, 695 (D. Md. 2012) (relying on *Sosna*, *Geraghty*, and *Weiss*). Before *Genesis*, this Court found the Third and Fifth Circuits and the Maryland district court in *Kensington* persuasive on the relation back issue. *Klein*, 84 F. Supp. 2d at 679. Respectfully, these decisions are simply no longer good law in light of *Genesis* because the Supreme Court explained, vis-à-vis *Sosna* and its progeny, the limited reach of relation back in the context of class actions seeking statutory damages. *See supra* Point II.A.

A finding of mootness is further supported by the Seventh Circuit's pre-*Genesis* holding in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011)—a case arising under the TCPA. There the Court held that a complete settlement offer made before the plaintiff moved for class certification mooted the plaintiff's putative class action. *Id.* at 895-96. "To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III." *Id.* at 896; *see Sebestyen v. Leikin, Ingber & Winters, P.C.*, No. 13-cv-15182, 2015 U.S. Dist. LEXIS 39101, at *21, *21 n.12 (E.D. Mich. Mar. 27, 2015) ("find[ing] *Damasco*'s jurisdictional analysis persuasive" post-*Genesis* and dismissing an FDCPA class action when the named plaintiff's claims became moot before certification); *see also Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993) ("Where . . . the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required." (emphasis in original).).

While the Seventh Circuit noted that "a simple solution to the buy-off problem" is simultaneously filing the complaint and moving to certify, *Damasco*, 662 F.3d at 896, Plaintiff's withdrawn Motion for Class Certification fails to satisfy this procedural lifeline. And if refiled, a placeholder motion without support would fly in the face of sound class-action policy. *See Mey v. N. Am. Bancard, LLC*, No. 14-CV-11331, 2014 U.S. Dist. LEXIS 165453, at *4-*5 (E.D. Mich. Nov. 26, 2014) ("Courts have held that the court need not hold in abeyance a class certification motion which the plaintiff intentionally filed prematurely. Courts typically dismiss premature motions."). Allowing Plaintiff, nevertheless, to press forward with a renewed motion for class certification, and the requisite cost- and resource-intensive discovery in support, sabotages the "plain purpose" of Rule 68 "to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985), *cited with approval in Warren*, 676 F.3d at 370.

Indeed, a named plaintiff with a mooted claim, discouraged to accept a full settlement offer and encouraged to assume unnecessary litigation risk, just to keep a putative class action alive, cannot "'possess the same interest and suffer the same injury' as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (citations omitted); *see, e.g.*, *Franco*, 2014 U.S. Dist. LEXIS 47077 at *13 (denying pending class certification motion after concluding that the Rule 68 offer mooted individual claims because the "plaintiff cannot adequately represent the purported class"); *cf. Rhodes*, 636 F.3d at 100 ("Applying [Supreme Court] principles . . . , [the Fourth Circuit] conclude[s] that when a putative class plaintiff voluntarily dismisses the individual claims underlying a request for class certification . . . there is no longer a 'self-interested party advocating' for class treatment in the manner necessary to satisfy Article III standing requirements.").

Recognizing that the FLSA collective action at issue in *Sandoz* was, nevertheless, instructive in the context of the TCPA class action in *Klein*, 84 F. Supp. 2d at 678, this Court should also apply the Supreme Court's holding in *Genesis* to dismiss Plaintiff's Complaint.[4] Thus, under *Genesis* and persuasive authority consistent therewith, the Offer of Judgment rendered Plaintiff's claims moot, and divested this Court of subject matter jurisdiction over the action.

---

[4] Sister district courts from this Circuit have refused to apply *Genesis* to class actions. *See, e.g.*, *Chatman v. GC Servs., LP*, 302 F.R.D. 136, 138 (D.S.C. 2014); *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 974 F. Supp. 2d 856, 864 (D. Md. 2013). But these decisions discount the Supreme Court's narrowing of the relation-back doctrine as mere dicta, and take their cues from dicta in *Sosna* and *Geraghty*, a Supreme Court dissent, and sister circuits at odds with *Genesis*.

**CONCLUSION**

For the foregoing reasons, the Court should grant EIS' Motion to Dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction due to mootness.

Respectfully submitted,

Dated:  April 30, 2015

By: /s/ Stephen R. Freeland
Stephen R. Freeland (VSB No. 72947)
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
Telephone:  (202) 342-8635
Facsimile:   (202) 342-8451
SFreeland@KelleyDrye.com

Robert I. Steiner[*]
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Telephone:  (212) 808-7965
Facsimile:   (212) 808-7897
RSteiner@KelleyDrye.com

Lauri A. Mazzuchetti[*]
Edward J. Mullins III[*]
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Telephone:  (973) 503-5910
Facsimile:   (973) 503-5950
LMazzuchetti@KelleyDrye.com
EMullins@KelleyDrye.com

*Attorneys for Elephant Insurance Services, LLC*

---

[*] *Pro hac vice* application pending.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of April 2015, I will electronically file the foregoing Brief in Support of Defendant Elephant Insurance Services, LLC's Motion to Dismiss Plaintiff's Original Class Action Complaint Pursuant to Rule 12(b)(1) and exhibits to same using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel for plaintiff Robin Alexander Williams:

    Ray M. Shepard
    The Shepard Law Firm, LLC
    1406B Crain Highway South, Ste. 102
    Glen Burnie, MD 21061
    rshepard@shepardlf.com

    By: /s/ Stephen R. Freeland
    Stephen R. Freeland (VSB No. 72947)
    KELLEY DRYE & WARREN LLP
    Washington Harbour, Suite 400
    3050 K Street, NW
    Washington, DC 20007
    Telephone:  (202) 342-8635
    Facsimile:  (202) 342-8451
    SFreeland@KelleyDrye.com