UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROBIN ALEXANDER WILLIAMS<br>Individually and on behalf of all others<br>similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ELEPHANT INSURANCE COMPANY and<br>ELEPHANT INSURANCE SERVICES, LLC,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:15-cv-119-GBL-TCB<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF MOTION TO STAY LITIGATION

Elephant Insurance Services, LLC ("EIS") and Elephant Insurance Company ("EIC"), pursuant to Local Civil Rule 7(F) of this Court, submit this Memorandum in Support of their Motion to Stay Litigation.

### I.    INTRODUCTION

The United States Supreme Court recently granted *certiorari* in two cases which will likely provide precedent controlling dispositions of threshold issues in this matter: (1) whether the Court has subject matter jurisdiction to hear this case; and (2) whether Plaintiff has standing to pursue this action. *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014), *cert. granted,* 83 U.S.L.W. 3637 (U.S. May 18, 2015) (No. 14-857); *Robins v. Spokeo, Inc.,* 742 F.3d 409 (9th Cir. 2014), *cert. granted,* 82 U.S.L.W. 3689 (U.S. Apr. 27, 2015) (No. 13-1339). The Supreme Court's decision in either (or both) appeals will have a direct impact on this case and could mandate that Defendants' pending Motions to Dismiss be granted and that this action be dismissed in its entirety. Accordingly, Defendants move for a stay of this litigation pending the Supreme Court's decisions on these pending issues.

A stay is appropriate and necessary because it would prevent this Court and the parties from spending significant time and resources litigating this matter only for the Supreme Court to subsequently decide that Plaintiff does not have standing to pursue this action and that this Court does not (and did not) have jurisdiction to hear the case. Further, a stay will not prejudice any party. Given the direct impact the appeals before the Supreme Court will have on this action, the Court should stay the litigation.

## II. FACTS AND BACKGROUND INFORMATION

On May 18, 2015, the United States Supreme Court granted *certiorari* in *Gomez* to address the issue of (1) "[w]hether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim" and (2) "[w]hether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified." Pet. For Writ of Cert. at i, *Campbell-Ewald, Co. v. Gomez,* No. 14-857 (U.S. Jan. 16, 2015) 2015 WL 241891, at *i. The questions before the Supreme Court are the exact issues currently before this Court as part of Defendants' Motions to Dismiss. (Dkt. Nos. 14, 21.)

In addition to the *Gomez* appeal, the Supreme Court will also decide in *Spokeo* the issue of "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Pet. For Writ of Cert. at i, *Spokeo, Inc. v. Robins,* No. 13-1339 (U.S. May 1, 2014) 2014 WL 1802228, at *i. Again, that very issue is currently before this Court. (Dkt. No. 21.)

Given the fact that both appeals before the Supreme Court will address the very issues presented by Defendants' Motions to Dismiss, and given the direct impact the appeals before the Supreme Court will have on this action -- including a determination that this Court does not have jurisdiction to hear this case -- a stay of this litigation until the Supreme Court addresses these two appeals is both appropriate and necessary.

## II. ARGUMENT AND LEGAL AUTHORITIES

### A. Standard of Review.

A district court has the power to stay its proceeding and "broad discretion to manage [its] dockets." *01 Communique Lab. v. Logmein, Inc.,* No. 01:10-CV-1007, 2010 WL 4736204, at *1 (E.D. Va. Nov. 12, 2010). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.,* 715 F.2d 124, 127 (4th Cir. 1983).

In considering a motion to stay, a district court must "weigh competing interests and maintain an even balance." *Fisher v. United States,* No. 3:13-MC-08, 2013 WL 6074076, at *4 (E.D.Va. Nov. 18, 2013). Specifically, a district court should consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party." *Id.; see also Wood v. Johnson,* No. WDQ-12-1572, 2012 WL 3240934, at *2 (D. Md. Aug. 3, 2012). Although delay is an inherent part of any stay, delay alone is not a sufficient reason to deny a stay. *Matherly v. Gonzales,* No. 5:11-CT-3020-BR, 2013 WL 393335, at *2 (E.D.N.C. Jan. 31, 2013).

**B.      The Supreme Court's Opinion In *Gomez* Should Resolve The Rule 68 Mootness Issue Currently Before This Court.**

A threshold issue before this Court is whether a Rule 68 offer of judgment made before class certification moots individual and class action claims. That is the very issue before the Supreme Court in *Gomez*. Therefore, it is likely that the *Gomez* opinion will control the question of mootness currently before this Court in Defendants' Motions to Dismiss. (Dkt. Nos. 14, 21.) Specifically, if the Supreme Court confirms that a Rule 68 Offer of Judgment made before class certification moots both an individual claim and the putative class action, this case will have to be dismissed as moot.

   **1.      The Facts Of This Case Are Identical To *Gomez*.**

The facts before this Court are almost identical to the facts in *Gomez*. *Gomez* involves a class action brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Pet. For Writ of Cert. at 2, *Campbell-Ewald, Co.,* No. 14-857. Campbell-Ewald, a national marketing firm, sent text messages on behalf of the U.S. Navy to recruit new sailors. *Id.* Gomez brought a TCPA class action against Campbell-Ewald and seeks to represent a nationwide class of "other unconsenting recipients of the Navy's recruiting messages." *Id.* at 5. Before a class was certified, Campbell-Ewald made a Rule 68 offer of judgment to Gomez that he did not accept. *Id.* The court denied Campbell-Ewald's motion to dismiss the case for lack of jurisdiction. *Id.* at 6.

The district court recognized that "Campbell-Ewald's offers would have fully satisfied the individual claims asserted . . . by Plaintiff in this action." *Id.* However, with respect to the class claim, the district court held that "Plaintiff's class certification motion (filed after Campbell-Ewald made its offer of full relief) could relate back to the filing of the class complaint." *Gomez v. Campbell-Ewald Co.,* 805 F. Supp. 2d 923, 930 (C.D. Cal. 2011). The

4

case was eventually dismissed at the summary judgment stage and Gomez appealed. Pet. For Writ of Cert. at 7, *Campbell-Ewald, Co.,* No. 14-857.

A month after Gomez appealed, the Supreme Court decided *Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523 (2013). As a result, Campbell-Ewald moved to dismiss Gomez's appeal for lack of jurisdiction, this time, based on the *Genesis* decision. The Ninth Circuit Court of Appeals denied Campbell-Ewald's motion. Eventually, the Ninth Circuit held that the case was not moot despite Campbell-Ewald's offers of complete relief.

On January 16, 2015, Campbell-Ewald filed a petition for *writ of certiorari* presenting the questions of (1) "whether a case becomes moot, and thus beyond the judicial power of Article III, when the plaintiff receives an offer of complete relief on his claim" and (2) "[w]hether the answer to the first question is any different when the plaintiff has asserted a class claim under Federal Rule of Civil Procedure 23, but receives an offer of complete relief before any class is certified." Pet. For Writ of Cert. at i, *Campbell-Ewald, Co.,* No. 14-857.[1] Campbell-Ewald asks the Court to resolve the circuit split regarding the mootness issue and highlights for the Court that the TCPA has "become an extortionist weapon in the hands of class action attorneys seeking to extract lucrative attorneys' fees for class-wide settlements." Pet. For Writ of Cert. at 2, *Campbell-Ewald, Co.,* No. 14-857.

---

[1] A third certified question does not implicate the issues pending before this Court.

The Supreme Court's ruling in *Gomez* will be dispositive of Plaintiff's standing in this case if the Supreme Court confirms that a Rule 68 Offer of Judgment made prior to class certification moots individual and class action claims.[2] Similar to *Gomez*, when Defendants made their Rule 68 Offer of Judgment to Plaintiff, there was no motion for class certification pending before the court.[3] (Dkt. Nos. 30, 31.) Similar to *Gomez,* Defendants offered Plaintiff more than the full relief he requested in his Complaint. (*Id.*)

### 2. Under The Factors Outlined In *Fisher*, A Stay Is Appropriate.

Applying the relevant factors outlined by *Fisher* to this case, a stay of the litigation is appropriate. *See also Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 974 F. Supp. 2d 856, 859 (D. Md. 2013) ("Court granted Defendant's Motion to Stay, reasoning that *Genesis* promised to significantly facilitate resolution of the case."). First, significant interests of judicial economy will be served by staying this case pending the Supreme Court's decision in *Gomez*. If the case is not stayed, the parties and the Court will be forced to spend significant time and resources litigating a potentially moot case. *See Mitchell v. Lonza Walkersville, Inc.,* No. 12-cv-3787, 2013 WL 3776951, at *3 (D. Md. July 17, 2013) (waiting for the disposition of the EEOC may eliminate the need for further litigation, saving judicial resources).

---

[2] The Supreme Court's ruling will also be dispositive of the same issue currently on appeal to the Fourth Circuit Court of Appeals in *Klein v. Verizon Commc'ns,* 920 F. Supp. 2d 670 (E.D. Va. 2013), *appeal docketed,* No. 14-1660(L) (4th Cir. Sept. 2, 2014). At a minimum, even if the Fourth Circuit does not stay *Klein,* its decision in *Klein* would control the outcome of the Rule 68 offer of judgment issue in this case. Therefore, in the interest of judicial economy, the *Klein* appeal is yet another factor that weighs in favor of granting a stay in this case.

[3] As acknowledged by both petitioner and respondent in *Campbell-Ewald*, the issue before the Supreme Court does not turn on the timing of a motion for class certification. Campbell-Ewald has advocated for a broader rule, i.e. that an offer of judgment moots class claims if it is made before certification. Respondent's Br. in Opp. at 19-20; Cert. Petition at i.

A stay would save considerable judicial resources and prevent unnecessary litigation. If the stay is not granted, the parties will be forced to engage in significant and costly discovery. In addition, the parties will likely have to participate in a judicial settlement conference without the benefit of guidance as to whether the case is appropriate for settlement consideration. Finally, the parties will have to engage in significant class-related discovery and will have to litigate class certification issues. All of the time, expense and resources required to engage in discovery, mediation and to litigate class certification could potentially be for naught if the Supreme Court rules in favor of Campbell-Ewald with respect to the mootness issue.

The second factor, the hardship and equity to the moving party, also counsels a stay. Defendants will be forced to spend substantial time and incur potentially needles expenses during the discovery phase of this case. As is usually the case in class action cases, the burden is on the defendants to review, analyze and produce voluminous documents in order for the parties to evaluate the merits of Plaintiff's claim. Granting a stay will prevent prejudice to Defendants.

Finally, the third factor also weighs in favor of a stay because the only potential prejudice to Plaintiff is that the resolution of the case may be slightly delayed. Delay alone is insufficient, to prevent a stay. As discussed in *Matherly v. Gonzales,* delay is an inherent part of any stay. 2013 WL 393335, at *2 (finding delay alone insufficient to prevent a stay). In *Matherly,* the district court reasoned that "even if the delay could be characterized as one that is prejudicial to plaintiff, there are considerations of judicial economy that outweigh any prejudice that might result." *Id.* This is not a case where Plaintiff seeks or requires immediate relief. The relief Plaintiff seeks (statutory damages) will still be available even if the Supreme Court determines that a Rule 68 offer of judgment does not moot an individual or class action claim. Thus, all

three factors weigh in favor of granting a stay of this litigation pending the outcome of the Supreme Court's decision in *Gomez*.

**C.     The Injury-In-Fact Standing Issue In *Spokeo* May Also Resolve This Case.**

The *Gomez* appeal, by itself, is sufficient to warrant a stay of this action. However, *Gomez* is only one of the two appeals before the Supreme Court which will directly impact this litigation. The Supreme Court's decision in *Spokeo* will address an equally important issue related to Article III standing.

The issue before the Court in *Spokeo* is "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Pet. for Cert. at i, *Spokeo,* No. 13-1339. While not a TCPA case, *Spokeo* involved alleged statutory violations of the Fair Credit Reporting Act ("FCRA"). There was no alleged actual injury in *Spokeo* and the district court originally dismissed the case for lack of Article III standing based on the plaintiff's failure to allege any actual or imminent harm. Pet. for Cert. at 5, *Spokeo,* No. 13-1339; *see Robins v. Spokeo, Inc.,* No. CV10-05306-ODW, 2011 WL 11562151, at *1 (C.D. Cal. Sept. 19, 2011). The Ninth Circuit reversed and held that a bare violation of the FCRA was sufficient to confer Article III standing. *Robins v. Spokeo, Inc.,* 742 F.3d 409, 413 (9th Cir. 2014). The Ninth Circuit held that the plaintiff had Article III standing because he alleged that he suffered a violation of a statutory right even though he did not suffer any actual damages. *Id.* at 414.

This case involves the same issue to be addressed by the Supreme Court in *Spokeo* – whether a statutory violation alone is sufficient to confer Article III standing. The Supreme

Court's opinion in *Spokeo* will directly impact the outcome in this case, including whether Plaintiff has sufficient standing to pursue this action.

Similar to the *Gomez* issue, the relevant factors counsel staying this case in light of the Court's pending decision in *Spokeo*. If the Supreme Court determines that a statutory violation is insufficient to confer Article III standing, then Plaintiff's Complaint must be dismissed because it does not allege an actual injury-in-fact. Staying the litigation will allow the parties and the Court to avoid the unnecessary costs and expenses to litigate a case that is later determined to be moot. In addition, any delay would not prejudice Plaintiff as he has not suffered any injury-in-fact that requires immediate resolution of his claims. In light of the relevant factors weighing in favor of a stay, this Court should grant Defendants' Motion and order a stay pending the outcome of the *Gomez* and *Spokeo* decisions.

## IV. CONCLUSION

The Supreme Court's decisions in *Gomez* and *Spokeo* will have a direct impact on this case and the dispositive issues currently before the Court in Defendants' Motions to Dismiss – including a determination that this Court does not have jurisdiction over this matter. Therefore, in the interest of judicial economy, and in order to prevent undue hardship to Defendants in this case, Defendants respectfully request that the Court enter an Order granting their Motion to Stay this Litigation and stay the litigation pending the outcome of the Supreme Court's decisions in *Gomez* and *Spokeo*.

ELEPHANT INSURANCE COMPANY,
ELEPHANT INSURANCE SERVICES,
LLC

By Counsel

| | |
|---|---|
| /s/ | /s/ |
| Charles M. Sims (VSB No. 35845) | Stephen R. Freeland (VSB No. 72947) |
| Charles K. Seyfarth (VSB No. 44530) | KELLEY DRYE & WARREN LLP |
| Meagan A. Mihalko (VSB No. 80703) | Washington Harbour, Suite 400 |
| LeClairRyan | 3050 K Street, NW |
| Riverfront Plaza – East Tower | Washington, DC 20007 |
| 951 E. Byrd Street, Eighth Floor | Telephone: (202) 342-8635 |
| Richmond, Virginia 23219 | Facsimile: (202) 342-8451 |
| Telephone: (804) 916-7159 | SFreeland@KelleyDrye.com |
| Facsimile: (804) 916-7259 | |
| Charles.Sims@leclairryan.com | Robert I. Steiner (*pro hac vice*) |
| Charles.Seyfarth@leclairryan.com | KELLEY DRYE & WARREN LLP |
| Meagan.Mihalko@leclairryan.com | 101 Park Avenue |
| | New York, NY 10178 |
| | Telephone: (212) 808-7965 |
| | Facsimile: (212) 808-7897 |
| | RSteiner@KelleyDrye.com |
| | |
| | Lauri A. Mazzuchetti (*pro hac vice*) |
| | Edward J. Mullins III (*pro hac vice*) |
| | KELLEY DRYE & WARREN LLP |
| | One Jefferson Road, 2nd Floor |
| | Parsippany, NJ 07054 |
| | Telephone: (973) 503-5910 |
| | Facsimile: (973) 503-5950 |
| | LMazzuchetti@KelleyDrye.com |
| | EMullins@KelleyDrye.com |
| | |
| | *Counsel for Elephant Insurance Services, LLC* |

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

William Craft Hughes, Esquire
Jarrett L. Ellzey, Esquire
Hughes Ellzey, LLP
2700 Post Oak Boulevard
Suite 1120
Houston, Texas 77056

Ray McVeigh Shepard, Esquire
The Shepard Law Firm, LLC
1406B Cain Highway South
Suite 102
Glen Burnie, Maryland 21061

*Counsel for Plaintiff*

                                                     /s/
Meagan A. Mihalko (VSB No. 80703)
LeClairRyan
Riverfront Plaza – East Tower
951 E. Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 545-1513
Facsimile:   (804) 545-1501
Meagan.Mihalko@leclairryan.com

*Counsel for Elephant Insurance Company*

11